## STATE OF CONNECTICUT *v.* ARTHUR S.[1]
## (AC 28391)

McLachlan, Beach and Robinson, Js.

[1] In accordance with our policy of protecting the privacy interests of the victims of sexual abuse and the crime of risk of injury to a child, we decline to use the defendant's full name or to identify the victims, the street names where the defendant and victims lived or others through whom the victims' identities may be ascertained. See General Statutes § 54-86e.

Argued April 29—officially released July 15, 2008

*Glenn W. Falk*, special public defender, for the appellant (defendant).

*Timothy F. Costello*, deputy assistant state's attorney, with whom, on the brief, were *Scott J. Murphy*, state's attorney, and *Brian Preleski*, senior assistant state's attorney, for the appellee (state).

### Opinion

BEACH, J. The defendant, Arthur S., appeals from the judgments of conviction, rendered after a jury trial, of two counts of sexual assault in the second degree in violation of General Statutes § 53a-71 (a) (1) and three counts of risk of injury to a child in violation of General Statutes (Rev. to 1997) § 53-21 (1) and (2). On appeal, the defendant claims that the trial court improperly (1) admitted the portions of a witness' written statement that were consistent with that witness' testimony at trial and (2) failed to instruct the jury that the consistent portions of the written statement could not be used for substantive purposes. We affirm the judgments of the trial court.

The jury reasonably could have found the following facts. In 1997, the defendant resided at a house in Bristol with his wife, his stepdaughter, A, and his stepson, J. At that time, A was approximately thirteen years old, and J was approximately twelve years old. A's friend, B, who was also thirteen at the time, visited the house frequently. While living at that house, the defendant periodically engaged in sexual activity with A and B. The defendant also directed B to engage in sexual activity with J. When A was fourteen or fifteen years old, she moved with her mother and J to Hartford, and the defendant moved to a second house in Bristol. B temporarily resided with the defendant at the second house in Bristol on at least one occasion. Sexual activity between B and the defendant continued until B was eighteen years old.

The defendant's case was tried to the jury in September, 2006. At trial, A testified regarding the defendant's actions at the first Bristol house. Some portions of her testimony, however, were inconsistent with a signed written statement she had given to police before the trial. During its redirect examination of A, the state sought admission of A's written statement pursuant to *State* v. *Whelan*, 200 Conn. 743, 513 A.2d 86, cert. denied, 479 U.S. 994, 107 S. Ct. 597, 93 L. Ed. 2d 598 (1986). Following an objection by the defendant, the state agreed that a few irrelevant sentences of the statement should be redacted. The defendant argued that only three plainly inconsistent sentences should be admitted. The court admitted a redacted version of the statement, including portions both consistent and inconsistent with A's testimony.[2] The court noted that "in many respects, [the statement] is inconsistent or could fairly be argued to be inconsistent with [A's] testimony. And the balance, the part up front . . . puts

---

[2] The redacted statement, in relevant part, is as follows. The defendant argues that the state should have been permitted to introduce only the plainly inconsistent portions, which are italicized.

"From the time I was [five] years old until I was [fifteen] years old I lived [in the first residence] in Bristol. I lived there with my mother, my brother [J], and my stepfather [the defendant]. I had a friend, [B], [who] used to come over [to] the house and visit, she used to be my best friend. One time when [B] was over we went down stairs and [B] asked [the defendant] to play truth and dare. He said he would play but he wanted to change the rules. I don't remember word for word what he said. We played the game a few times and [the defendant] dared me to have oral sex with him. This was the first time that I did this. [B] watched me have oral sex with him, and I watched her have oral sex with [the defendant] too. I think I was thirteen going on fourteen years old, when I first had oral sex with [the defendant]. *I saw* [the defendant] *have sexual intercourse with* [B], I don't remember having intercourse with [the defendant], just oral sex. [The defendant] *had sex with me and* [B] *a lot of times while we lived* [*in that residence*]. I cannot remember how many times. There were times when I saw my brother [J] having oral sex with my friend [B]. This would happen when my mother was gone . . . she was never home when we had sex with [the defendant]. *I did one time have oral sex with my brother* . . . [the defendant] was in the room, and I think [B] was there [too]." (Emphasis added.)

it in context. The context of the beginning of the statement; the context of the allegations in question; the time frame that's pertinent and the persons involved. So, while intrinsically, it is not inconsistent, it gives context to those statements which are. As a result, it should be introduced. Thus, everything except for the last two lines, which are not claimed, and the lines identified by the state's attorney having to do with pornography, can be introduced as a prior inconsistent statement under *State* v. *Whelan*, [supra, 743], and § 8-5 (1) of the Connecticut Code of Evidence, provided it's appropriately redacted."

Following a guilty verdict by the jury on the charges of sexual assault in the second degree and risk of injury to a child, the defendant was sentenced to a total effective term of thirty years incarceration, suspended after eighteen years, and ten years probation. This appeal followed.

I

The defendant first claims that the court improperly admitted the portions of A's *Whelan* statement that were consistent with her testimony at trial.[3] The state counters that "[t]he consistent portions of A's statements that the trial court admitted were necessary to place A's inconsistent statements in the context of the time line of this case and the crimes charged . . . ." We agree with the state.

We begin by setting forth the standard of review. "Unless an evidentiary ruling involves a clear misconception of the law, [t]he trial court has broad discretion in ruling on the admissibility . . . of evidence. . . . The trial court's ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion. . . . We will make every reasonable

---

[3] See footnote 2 of this opinion.

presumption in favor of upholding the trial court's ruling
. . . . Moreover, evidentiary rulings will be overturned
on appeal only where there was an abuse of discretion
and a showing by the defendant of substantial prejudice
or injustice." (Internal quotation marks omitted.) *State*
v. *Kelly*, 106 Conn. App. 414, 421, 942 A.2d 440 (2008).

In general, the court should seek to avoid admitting
evidence that is likely to confuse or mislead the jury.
See *State* v. *Abreu*, 106 Conn. App. 278, 287, 941 A.2d
974, cert. denied, 286 Conn. 919, 946 A.2d 1249 (2008).
The principle of affording the fact finder the proper
context in which to consider statements is codified in
Connecticut Code of Evidence § 1-5 (a), which provides
that "[w]hen a statement is introduced by a party, the
court may, and upon request shall, require the propo-
nent at that time to introduce any other part of the
statement, whether or not otherwise admissible, that
the court determines, considering the context of the
first part of the statement, ought in fairness to be consid-
ered contemporaneously with it." This type of determi-
nation is largely dependent on the unique circumstances
in each case and, as with evidentiary issues in general,
is best left to the sound discretion of the trial court.

"In *State* v. *Whelan*, supra, 200 Conn. 753, our
Supreme Court adopted a rule allowing for the substan-
tive use of prior written inconsistent statements, signed
by the declarant, who has personal knowledge of the
facts stated, when the declarant testifies at trial and
is subject to cross-examination. The Supreme Court
deemed this type of prior statement to be an exception
to the rule against hearsay under such circumstances.
The Supreme Court noted that this rule will afford a
jury in such a case the opportunity to assess a witness'
credibility after the witness is confronted with an
alleged prior inconsistent statement. As our Supreme
Court reasoned, given the opportunity for meaningful
cross-examination of such a witness, the witness will

be forced either to explain the discrepancies between the earlier statements and his present testimony, or to deny that the earlier statement was made at all. . . . After this type of examination, the jury can draw whatever conclusions concerning the witness' testimony that it deems to be appropriate." (Citation omitted; internal quotation marks omitted.) *State* v. *Vasquez*, 68 Conn. App. 194, 200–201, 792 A.2d 856 (2002).

In the present case, the court thoughtfully and carefully reviewed, line by line, the statement that the state sought to introduce as an exhibit. The court heard argument from both sides as to whether each line in question should be admitted. The court then admitted a redacted version of the statement, including both consistent and inconsistent portions of the statement. It explained its reasoning in admitting the consistent portions in terms of establishing timing and context for the inconsistent portions. The defendant argues that the court should have admitted only the three sentences that were in direct contradiction with A's testimony. We agree with the court that under the circumstances of this case, in which the timing of the charges, as well as the ages of the victims during the conduct in question, were critical, the context is relevant. Specifically, the defendant sought to have all but three sentences redacted. Those lone three sentences refer to the defendant's sexual conduct but, with the exception of one sentence, do not place that conduct at the first Bristol residence when A and B were thirteen years old and J was twelve years old. See footnote 2 of this opinion. The court's analysis reflects the exercise of sound discretion. Accordingly, we reject the defendant's claim.

II

The defendant next claims that the court committed plain error when it failed to instruct the jury on the limited purpose for which the consistent portions of

the statement were admitted. The defendant neither requested a limiting instruction at trial nor raised an objection to the charge as given and therefore argues that the court should have given such a limiting instruction sua sponte. We disagree.

"The plain error doctrine is not . . . a rule of reviewability. It is a rule of reversibility. That is, it is a doctrine that this court invokes in order to rectify a trial court ruling that, although either not properly preserved or never raised at all in the trial court, nonetheless requires reversal of the trial court's judgment, for reasons of policy. . . . The plain error doctrine is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. . . . A party cannot prevail under plain error unless it has demonstrated that the failure to grant relief will result in manifest injustice." (Internal quotation marks omitted.) *State* v. *Lawrence*, 282 Conn. 141, 183, 920 A.2d 236 (2007).

In the present case, we perceive no impropriety that would result in manifest injustice. The defendant cites no authority for the proposition that the court, sua sponte, must give a specific limiting instruction under the circumstances of this case. "It is well established in Connecticut . . . that the trial court generally is not obligated, sua sponte, to give a limiting instruction." (Internal quotation marks omitted.) *State* v. *Izzo*, 82 Conn. App. 285, 298, 843 A.2d 661, cert. denied, 270 Conn. 902, 853 A.2d 521 (2004). Furthermore, our Supreme Court, in *State* v. *Jeffrey*, 220 Conn. 698, 601 A.2d 993 (1991), cert. denied, 505 U.S. 1224, 112 S. Ct. 3041, 120 L. Ed. 2d 909 (1992), refused to afford plain error review to the defendant's claim that the court improperly failed to give, sua sponte, an instruction concerning the limited purposes of consistent statement evidence when the defendant had neither

requested such a charge nor taken exception to the charge as given. Id., 715. Accordingly, we decline to consider this claim because it fails to meet the stringent standard required for plain error review.

The judgments are affirmed.

In this opinion the other judges concurred.